74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David D. HAYTCHER, Respondent-Appellee,
v.
ABS INDUSTRIES, INC., Petitioner-Appellant.
 No. 94-3896.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1996.
 
 Before: JONES, BATCHELDER, Circuit Judges and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant ABS Industries, Inc. appeals a district court injunctive order for the resumption of payment of supplemental monthly retirement benefits to qualified class members. The order was made pursuant to an action brought by Plaintiffs under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a), and Secs. 409 and 502 of the Employment Retirement Income Security Act, 29 U.S.C. Secs. 1109 and 1132. For the reasons herein, we affirm the district court order.
 
 I.
 
 2
 The Plaintiffs are former employees of ABS. ABS closed its Ashtabula Forge plant in 1982 and subsequently terminated its employees. Plaintiffs initially brought suit claiming that ABS was obligated to pay them monthly supplemental retirement benefits pursuant to the parties' pension agreement. The district court found that ABS was not required to make the payments, and granted summary judgment against Plaintiffs. On appeal, this court reversed and remanded finding that ABS had an obligation to its former employees. Haytcher v. ABS Indus., Inc., 889 F.2d 64, 68-9 (6th Cir.1989) (Haytcher I ). On remand, the district court certified the case as a class action and entered a permanent injunction against ABS. ABS then appealed the injunction. This court affirmed the class certification, but reversed the issuance of the permanent injunction which ordered resumption of the payments. Haytcher v. ABS Indus., No. 91-3072, (6th Cir. Dec. 27, 1991) (unpublished opinion) (Haytcher II ). This court noted that the meaning of the term "eligibility for public pension" as included in the agreement was "patently unclear." The court remanded the case "for a prompt hearing, consideration, and determination of specific relief for individual class members, including injunctive relief, if and as appropriate." Id. at 6.
 
 
 3
 On remand from Haytcher II, the district court gave the parties an opportunity to submit evidence on the eligibility of individuals for class membership. While Plaintiffs submitted extensive evidence, ABS failed to submit any rebuttal evidence of individual eligibility; ABS merely insisted that it was entitled to an oral evidentiary hearing. The district court then entered an order concerning the "patently unclear" meaning of the "eligible for public pension" phrase that this court was concerned about. The court concluded that the agreement itself defined the phrase at issue. Citing sections 1.1(f) and 1.1(g) of the pension agreement, the district court found that the term was clear and unambiguous.
 
 
 4
 The district court found that "public pension" as defined in section 1.1(f) was limited to pensions available through the Social Security and Railroad Retirement Acts. The district court also concluded that section 1.1(g) prescribed that retirees were entitled to receive monthly benefits from ABS until they reached age 65. Lastly, the court concluded that spousal eligibility for public pension had no bearing on an ABS retiree's eligibility under the pension agreement. On December 3, 1993, Defendant still had not submitted any evidence rebutting Plaintiff's evidence of the eligibility of the individual class members. Accordingly, the district court found that there were no material issues of fact in dispute and granted summary judgment. On July 22, 1994, the court ordered ABS to resume making payments to the eligible class members. ABS appeals these orders.
 
 II.
 
 5
 Defendant first argues that the district court's rulings are in contravention of this court's mandate. This argument must fail. Part of the rationale for the "prompt hearing, consideration, and determination of specific relief" was this court's determination in Haytcher II that the term "eligible for public pension" was patently unclear. Yet, as explained by the district court, the phrase is clear and unambiguous in light of the definitions provided in the agreement. ABS does not offer any substantive argument to refute this conclusion. Instead, ABS maintains that an oral evidentiary hearing was required.
 
 
 6
 The mandate rule requires that lower courts "adhere to the commands of a superior court" and "implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Brunet v. City of Columbus, 58 F.3d 251, 254 (6th Cir.1995) (internal quotations and citations omitted). The substance of the mandate was to determine the meaning of the phrase "eligible for public pension" and the retiree's individual eligibility under this phrase. Where the district court has done this, it has complied with this couet's mandate.
 
 
 7
 ABS next argues that the district court erred in its interpretation of the pension agreement. This court finds that this argument is also without merit. ABS has failed to cite any authority in support of its argument. Furthermore, the district court simply read the agreement in light of "the four corners of the document" See Rink v. Commissioner, 47 F.3d 168, 171 & n. 3 (6th Cir.1995). Where the document itself provides clear and unambiguous answers extrinsic evidence shall not be considered. Id. Clearly, the district court was correct in its determination.
 
 
 8
 Likewise, the district court was correct in rejecting ABS' arguments that spousal eligibility for public pension affects eligibility under the pension agreement and that the correct cut off age for payments is 62, rather than age 65. As with its other arguments, ABS failed to submit substantive and/or authenticated support for its contentions. Despite ABS' contentions, there is nothing in the record to indicate that it was the parties' intention to limit the benefits in this way. Because the plain meaning of the document resolves this issue and ABS has failed to submit viable evidence in support of its assertions, this court will not impose unsupported constructions upon the agreement.
 
 
 9
 ABS next argues that the district court expanded this court's earlier ruling by finding that permanently incapacitated employees were eligible for the monthly payments. Again we must agree with the lower court. Plaintiffs' original complaint sought benefits for both 70/80[1] and incapacitated employees. In Haytcher I, this court decided the issue of ABS' general liability pursuant to section 3.7 of the agreement. At the same time, we inadvertently misquoted the agreement. That provision which we quoted was a different section from another document. See Haytcher I, 889 F.3d at 65. Nevertheless, section 3.7 of the agreement clearly requires payment of the supplement to disabled retirees as well as 70/80 retirees. Defendant has attempted to seize upon this court's inadvertent misquotation to aid its appeal. Despite the misquotation, this court's intention remained apparent. Both 70/80 retirees and permanently incapacitated retirees are entitled to the supplemental payments. To the extent that our earlier opinions are inconsistent with this finding they are reversed.
 
 
 10
 Lastly, ABS contends that the district court wrongfully ordered that interest be paid on the payments dating back to the date of the class certification. At the time of the district court's ruling concerning the interest, the court referred the matter to a magistrate for a hearing on damages. The court retained jurisdiction of the matter and has yet to enter a judgment on this matter. Thus, this issue is not appealable as a final order under 28 U.S.C. Sec. 1291, and ABS' appeal of this issue shall be dismissed.
 
 III.
 
 11
 For the foregoing reasons, we affirm the decision of the district court.
 
 
 
 *
 The Honorable Julian Abele Cook, Jr., Chief Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The term 70/80 denotes those who are entitled to the retirement benefits. Retirees are eligible if their age and continuous service equaled eighty (80) or if their age and continuous service equaled seventy (70) to seventy-nine (79) and were at least fifty nine (59) years old when they retired, when the plant closed